KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Banks, | No. CV 06-2522-PHX-DGC (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Richard J. Gama, et al., | |
| Defendants. | |

Plaintiff Donald Banks, confined in the Maricopa County Durango Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the action.

**I.   Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. Plaintiff must pay the statutory filing fee of $350.00. The Court will assess no initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

**II.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
2  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
3  be granted, or that seek monetary relief from a defendant who is immune from such relief.
4  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the
5  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
6  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
7  (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be
8  saved" but not if a complaint "lacks merit entirely." Id. at 1129.  The Court therefore should
9  grant leave to amend if the pleading could be cured by the allegation of other facts or if it
10 appears at all possible that the defect can be corrected.  Id. at 1130.  Plaintiff's Complaint
11 will be dismissed without leave to amend because the defects cannot be corrected.

12 **III.   Complaint**

13     Plaintiff names the following Defendants in the Complaint: 1) Richard J. Gama,
14 Maricopa County Superior Court Judge; 2) Andrew P. Thomas, Maricopa County Attorney;
15 3) Terri Clarke, County Prosecutor; 4) Jeff Myer, Public Defender; and 5) Barbara Rees,
16 Public Defender.

17     Plaintiff alleges two grounds for relief in the Complaint: 1) Judge Gama allowed
18 repeated delays in Plaintiff's criminal trial, in violation of Plaintiff's state constitutional
19 rights; and 2) Defendant Clarke failed to ensure that Plaintiff received a speedy trial in
20 violation of Plaintiff's state constitutional rights.  Plaintiff seeks dismissal of his state
21 criminal charges and money damages.

22 **IV.   Dismissal of Defendants**

23     **A.   Richard J. Gama**

24     Judges are absolutely immune from § 1983 suits for damages for their judicial acts
25 except when they are taken "in the clear absence of all jurisdiction." Stump v. Sparkman,
26 435 U.S. 349, 356-357 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).  An
27 act is "judicial" when it is a function normally performed by a judge and the parties dealt
28 with the judge in his or her judicial capacity.  Stump, 435 U.S. at 362; Crooks v. Maynard,

913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, Peirson v. Ray, 386 U.S. 547, 553-54 (1967), or of making grave errors of law or procedure. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). Because Plaintiff's claims relate to Defendant Gama's actions taken in his capacity as a judge, Defendant Gama is entitled to absolute immunity and must be dismissed from this action.

### B. Andrew P. Thomas and Terri Clarke

Prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976)); Ashelman, 793 F.2d at 1076. Because Plaintiff's claims against Defendant Clarke relate to her actions as prosecutor in Plaintiff's state criminal case, Defendant Clarke is immune from suit and must be dismissed. Further, Plaintiff makes no specific allegations against Defendant Thomas. Defendant Thomas must also be dismissed.

### C. Jeff Myer and Barbara Rees

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law. Whether an attorney representing a criminal defendant is a public defender or court-appointed counsel, he or she does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Accordingly, Defendants Myer and Rees, as Plaintiff's public defenders, must be dismissed.

## V. Failure to State a Claim

Plaintiff alleges in Counts I and II that his state constitutional rights have been violated by delays in his criminal proceedings. The Court notes first that § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Section 1983 does not provide

1  a cause of action for violations of state law or state constitutional rights. <u>Ybarra v. Bastian</u>,
2  647 F.2d 891, 892 (9th Cir. 1981). Plaintiff claims must therefore be dismissed.
3        Even if Plaintiff had alleged violations of his federal constitutional rights, his claims
4  would still be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the Supreme
5  Court held:

6        [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would
7        render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by
8        executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of
9        habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not
10       cognizable under § 1983.

11  <u>Id.</u> at 486.

12        <u>Heck</u> not only bars claims for damages challenging the validity of a conviction or
13  sentence, it also bars claims challenging the validity of an arrest and prosecution, <u>see</u>
14  <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir.1996), as well as claims which necessarily
15  implicate the validity of pending criminal charges, <u>see</u> <u>Alvarez- Machain v. United States</u>,
16  107 F.3d 696, 700-01 (9th Cir.1997). Because Plaintiff has not shown that he has been
17  successful in the criminal realm by having the charges dropped, or by having his resulting
18  conviction or sentence invalidated by a state or federal court, Plaintiff's claims are barred by
19  <u>Heck</u>. Accordingly, Counts I and II will be dismissed for failure to state a claim.

20  **VI.**   **Dismissal of Complaint and Action Without Leave to Amend**

21        Because no Defendants or claims now remain, the Complaint will be dismissed for
22  failure to state a claim upon which relief may be granted. Also, because it is clear from the
23  face of the Complaint that the deficiencies in the Complaint cannot be cured by amendment,
24  the Court's dismissal will be without leave to amend and the Court will order that the action
25  be dismissed and judgment entered. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir.
26  1987) (<u>citing</u> <u>Broughton v. Cutter Lab</u>, 622 F.2d 458, 460 (9th Cir. 1980)).

27  **VII.**   **Motion**

28        On November 1, 2006, Plaintiff filed a "Motion to Change Name of Defendant" (Doc.

#3) in which he asks that he Court allow him to substitute Heather Wicht as a Defendant in place of Terri Clarke. Plaintiff states that Heather Wicht is the county prosecutor in charge of his case. The same immunity provisions that require dismissal of Terri Clarke would also require dismissal of Heather Wicht. In light of the Court's dismissal of this action, Plaintiff's Motion will be denied as moot.

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis,* filed with the Complaint, is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed no initial partial filing fee.

(3) The Complaint ( Doc. # 1) and this action are **dismissed** for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court must enter judgment accordingly.

(4)  The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

(5) Plaintiff's November 1, 2006 "Motion to Change Name of Defendant" (Doc. #3) is **denied** as moot.

DATED this 27th day of November, 2006.

David G. Campbell
United States District Judge